IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

KIRK DOUGLAS HARRIS,

    Plaintiff,

v.                                                   CASE NO. 1:08-cv-230-SPM/AK

DEBORAH HICKEY, et al,

    Defendants.

_____/

## REPORT AND RECOMMENDATION

Plaintiff, proceeding *pro se,* has filed a first amended complaint against correctional officers at a federal facility in Jesup, Georgia. (Doc. 9). Although ordered to submit inmate account information and an amended motion for leave to proceed in forma pauperis (doc. 11), he has submitted only a partial form. (Doc. 13). However, upon review of his amended complaint, he identified the defendants as being employed at FCI, Jesup, Georgia, and all acts of which he now complains were allegedly committed there, and it is now clear that this cause should be transferred. Because Jesup, Georgia, is located in the Southern District of Georgia, as are the Defendants, the proper forum for this action pursuant to 28 U.S.C. § 1391(b) and 28 U.S.C. § 90(c) is in the United States District Court for the Southern District of Georgia, Brunswick Division.

A federal district court has the authority under 28 U.S.C. § 1406(a) to transfer a case to another district or division "in which it could have been brought." A court may raise the issue of defective venue *sua sponte*, but should not dismiss an improperly filed case for lack of venue without giving the parties an opportunity to respond. Lipofsky v. New York

State Workers Comp. Bd., 861 F.2d 1257, 1259 (11th Cir. 1988). The Lipofsky court did not place the same limitations on the court's ability to transfer a case to the appropriate forum pursuant to 28 U.S.C. § 1404(a). See Lipofsky, 861 F.2d at 1259, n. 2. Thus, it is recommended that the case be transferred rather than dismissed. There is no need for a hearing on this transfer. Cf. Costlow v. Weeks, 790 F.2d 1486, 1488 (9th Cir. 1986) with Starnes v. McGuire, 512 F.2d 918, 934 (D.C. Cir. 1974).

In light of the foregoing, and pursuant to 28 U.S.C. §§ 1404(a) and 1406(a), the undersigned respectfully **RECOMMENDS** transfer of this action to the United States District Court for the Southern District of Georgia, Brunswick Division, for all further proceedings.

**IN CHAMBERS** at Gainesville, Florida, this __5th__ day of February, 2009.

                                    **s/ A. KORNBLUM**
                                    **ALLAN KORNBLUM**
                                    **UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 10 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.